THE WHEELER & WILSON MANUFACTURING COMPANY v. CHARLES S. BROOKFIELD.

Submitted July 5, 1902—Decided November 10, 1902.

Plaintiff delivered to G. a sewing machine, under a contract for the sale thereof on condition, which was not recorded; afterwards G. stored the machine with the defendant, a warehouseman, who gave G. a receipt therefor, pursuant to the Warehousemen's act of March 11th, 1881 (*Gen. Stat., p.* 3746); subsequently the plaintiff, having become, as against G., entitled to possession of the machine, notified the defendant of its rights and demanded the machine, but the defendant would not comply with the demand, and delivered the machine to G. on surrender of the receipt. *Held*, that, by such delivery, the defendant became guilty of a conversion.

On *certiorari*.

Before Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff, *Frederick A. Rex.*

For the defendant, *William C. Jones.*

The opinion of the court was delivered by

Dixon, J.   On March 28th, 1901, the plaintiff delivered to Mrs. Gordon a sewing machine, in accordance with a written contract for the conditional sale thereof, which was not recorded as required by the Conditional Sales act of May 9th, 1889. *Gen. Stat., p.* 891.   On November 1st, 1901, Mrs. Gordon stored the machine with the defendant, a warehouseman, who gave her a receipt for it, pursuant to the Warehousemen's act of March 11th, 1881. *Gen. Stat., p.* 3746. On November 29th, 1901, the plaintiff, being then entitled to the possession of the machine as against Mrs. Gordon, notified the defendant of its rights and demanded from him delivery of the machine, but the defendant refused, and instead delivered the machine to Mrs. Gordon on surrender of the receipt.   Thereupon the plaintiff brought this suit in the Camden District Court alleging a conversion of the machine by the defendant, but on the foregoing facts judgment was rendered for the defendant.

Upon either of two grounds, we think, the defendant might have retained possession of the machine until his own rights were secured.

*First.* As warehouseman he was entitled to a lien for his lawful charges, under the Warehousemen's act of April 5th, 1886 (*Gen. Stat., p.* 3747), and having acquired that lien without notice of the plaintiff's rights, he was a mortgagee of the machine in good faith within the meaning of the Conditional Sales act, and hence could enforce his lien against the plaintiff.

*Second.* Having issued a receipt for the machine, as above stated, he had a right to require, before removal of the machine, either Mrs. Gordon's written consent or the surrender of the receipt, under sections 4 and 6 of said act of March 11th, 1881, or that the plaintiff issue a writ of replevin and thus remove the machine by operation of law, under section 8 of said act.

But the defendant did not assume either of these positions. He undertook to pass upon the relative rights of the plaintiff and Mrs. Gordon, and on that matter he decided wrongly.

As between them the plaintiff was entitled to the machine, and by delivering it to Mrs. Gordon after full notice he exercised a control over the disposition of the machine which nothing in any of these statutes justifies, and therefore was guilty of conversion.

The judgment should be reversed, and the cause remitted to the District Court for a new trial.